## WILLIAM W. PIERCE *vs.* WILSON ANDREWS.

A., having a judgment and execution against B., sent an agent to inquire of C., who was the owner of a horse in C.'s possession, and the agent, without disclosing his agency and purpose, or stating that he had any interest in knowing whose the horse was, made the inquiry of C., who told him the horse belonged to B.: A. subsequently ordered the horse to be seized, and an officer thereupon seized and sold the horse, on A.'s execution against B.: When the horse was thus seized, C. told the officer that the horse was his, and forbade the sale. It was held, in an action of trespass by C. against the officer, that C. was not estopped to show that the horse was his property.

THIS was an action of trespass for taking, carrying away, and selling a horse alleged to be the property of the plaintiff. The defendant specified in his defence, that he seized and sold the horse, as a deputy-sheriff, to satisfy an execution in his hands in favor of one Brooks against Avery Pierce, the father of the plaintiff, and that the horse was the property of Avery Pierce.

At the trial, before *Byington,* J., in the court of common pleas, the plaintiff having given evidence that the horse belonged to him, and that at the time of the taking and sale he claimed the horse as his, and forbade the sale, the defendant then offered evidence to prove, that by an arrangement between the plaintiff and Avery Pierce, the latter was authorized to make a sale of the horse, at a time when he went from his home with him; that the plaintiff authorized Avery Pierce to call the horse his own, if he could thereby the better effect a sale; that Avery Pierce did offer the horse for sale, calling him his own; but such offer and declaration were not made to the defendant or to the execution creditor; that the plaintiff, on different occasions, spoke of the horse as the property of his father; that a few days before the seizure, an agent of the execution creditor went to the plaintiff's stable, where the horse was kept, and without disclosing his agency, or any interest he had in the subject, inquired of the plaintiff who was the owner of the horse, in answer to which the plaintiff stated, that the horse belonged to Avery Pierce, his father; and that the horse was seized on the execution and sold by the order of the judgment creditor.

The defendant thereupon requested the judge to instruct the jury, that if the facts in evidence were proved, the plaintiff was estopped to deny that Avery Pierce was the owner of the horse at the time of the seizure.

But the presiding judge instructed the jury, that if the agent of the execution creditor, having disclosed his agency and purpose, inquired of the plaintiff who was the owner of the horse, and the plaintiff replied that his father owned him, then the plaintiff would be estopped to claim property in the horse ; but that if the agent did not disclose his agency or purpose, or that he had any interest in knowing whose the horse was, and the plaintiff had no knowledge that he had any such interest, the plaintiff would not be estopped from showing that the horse was in fact his; though such declaration would be evidence that the horse belonged to Avery Pierce.

The jury were further instructed, that if the plaintiff, by an arrangement with Avery Pierce, permitted him to call the horse his own, and to exercise acts of ownership over him, and Avery Pierce did so, in pursuance of such arrangement, and if the plaintiff, in speaking of the horse to others, called him Avery Pierce's ; then, unless the defendant had notice that the horse was the property of the plaintiff, the plaintiff was estopped to claim the ownership thereof; but if the plaintiff, at the time of the seizure, notified the defendant that the horse was his, and forbade the seizure and the sale, he would not be estopped from proving that the horse was his; though these declarations would be evidence to show the property in Avery Pierce.

The jury, under these instructions, returned a verdict for the plaintiff, and the defendant excepted.

*W. Griswold*, for the defendant.

*D. Aiken*, for the plaintiff.

METCALF, J.   The ground on which a party, in a case like this, is estopped to deny his declarations, is, that to permit him to deny them would be to allow him to violate good faith, to the injury of an innocent person, whom he had induced to act on them as if they were true.   And if Brooks's agent had told the plaintiff why he wished to know who owned the horse, and the plaintiff had told him it was the property of

1 *

Avery Pierce, and had permitted the horse to be sold as Avery's, without retracting his statement, he might have been estopped from afterwards showing that the horse was his own. *Stephens* v. *Baird*, 9 Cow. 274. But, for aught that appears in the present case, the plaintiff had no reason to suppose that Brooks's agent had any interest in knowing who was the owner of the horse. And certainly no one can be estopped by a deceptive answer to a question which he may rightly deem impertinent, and propounded by a meddling intruder; especially if he gives notice of the truth, as soon as he perceives that his answer is acted upon as if it were true.

*Exceptions overruled*